IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSHUA NUNN | § |
| | § |
| vs. | § CIVIL ACTION NO. 2:20-cv-45 |
| | § |
| JOHN MARK FAVORS | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Joshua Nunn, files this, his Original Complaint, complaining of and against Defendant John Mark Favors. For cause of action, Plaintiff respectfully shows this Court the following:

#### A. PARTIES

1. Plaintiff Joshua Nunn, an individual, is and at all times relevant hereto was a citizen of the State of Texas. Mr. Nunn resides in Kilgore, Texas.

2. Defendant John Mark Favors, an individual, is and at all times relevant hereto was a citizen of the State of Arkansas. He may be served with process at his usual place of abode, 122 East Broad Street, Suite 101, Texarkana, Arkansas 71854 or wherever he may be found.

#### B. JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims against Defendant pursuant to 28 U.S.C. § 1332(a) because a complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Marshall Division of the Eastern District of Texas.

## C. FACTS

5.     This lawsuit results from a motor vehicle collision occurring on or about January 14, 2020 in Upshur County, Texas.  When the collision occurred, Plaintiff was the driver of a vehicle lawfully traveling westbound on State Highway 155 when he began slowing down to make a right turn into a private drive.  Defendant was the driver of a vehicle traveling westbound on State Highway 155 directly behind Mr. Nunn.  Defendant acted with complete disregard for Plaintiff's safety when he failed to control his speed and maintain a proper lookout thereby crashing into the rear of Plaintiff's vehicle, causing both the collision made the basis of this lawsuit and Plaintiff's injuries.

## D. NEGLIGENCE OF DEFENDANT JOHN MARK FAVORS

6.     The occurrence made the basis of this lawsuit and the resulting injuries to Plaintiff were proximately caused by Defendant's negligent acts and/or omissions including, but not limited to, one or more of the following:

   a. failure to control speed;

   b. failure to stop;

   c. failure to keep such lookout as a person of ordinary prudence would use under the same or similar circumstances;

   d. failure to maintain an assured clear distance between his vehicle and that of Plaintiff's, which would have allowed Defendant to stop without colliding with Plaintiff's vehicle;

   e. failure to pay the degree of attention or ordinary prudence as a person would use under the same or similar circumstances;

   f. driving the vehicle without regard for the safety and welfare of other persons or property as an ordinary prudent person would have under the same or similar circumstances;

   g. operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar

circumstances;

h. driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of TEX. TRANSP. CODE ANN.§ 545.401; and

i. violating the Texas Transportation Code constituting negligence *per se.*

7.   Each and all of the acts and/or omissions of Defendant, singularly or in combination with others, constituted negligence, gross negligence, and/or negligence *per se,* which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### E. DAMAGES

8.   Plaintiff, as a direct and proximate result of the negligent conduct of Defendant, sustained bodily injuries. Plaintiff believes that some of his injuries are permanent in nature and have had serious effects on his health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and, in all reasonable medical probability, it is likely that he will incur reasonable and necessary medical expenses for the treatment of his injuries in the future. In connection with such injuries, Plaintiff has suffered physical pain and mental anguish in the past, is suffering at the present, and in all reasonable probability will continue to suffer such physical pain and mental anguish in the future. Plaintiff has sustained past physical impairment and, in all reasonable probability, will continue to suffer physical impairment in the future. Plaintiff has suffered past lost wages, and in all reasonable probability, will continue to suffer lost wages in the future, including loss of earning capacity. Plaintiff sues for the recovery of past and future medical expenses, physical pain and mental anguish, physical impairment, and past lost wages and loss of future earning capacity; all in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiff is seeking a

reasonable amount to be determined for his injuries and damages.

## F. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff prays that Defendant be summoned to appear and answer and that, upon final trial of this cause, Plaintiff recover as follows:

a. Actual (general and special) damages within the jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Costs of Court; and

d. All other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

_____
MICAH L. SATTERWHITE
State Bar No. 24102463
msatterwhite@sloanfirm.com
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone: 903-757-7000
Facsimile: 903-757-7574

ATTORNEY FOR PLAINTIFF